UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM STEPHEN TOTH,

    *Plaintiff,*                               CASE NO. 13-CV-13429

v.                                            DISTRICT JUDGE THOMAS L. LUDINGTON
                                             MAGISTRATE JUDGE CHARLES BINDER

WELLS FARGO BANK; TROTT &
TROTT, P.C.; BREE STOCKER; 89TH
DISTRICT COURT OF THE STATE OF
MICHIGAN FOR PRESQUE ISLE COUNTY;
BANK OF AMERICA; DONALD J. KING;
THOMAS BALINSKI; ROBERT W. PASCHKE;
PRESQUE ISLE COUNTY SHERIFF'S OFFICE,
also known as Presque Isle County Sheriff's
Department; BLUE MOUNTAIN HOMES, L.L.C.;
and JOHN DOES 1-10,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED.**

### II.    REPORT

#### A.    Introduction

On August 9, 2013, Plaintiff William Stephen Toth filed this *pro se* action. The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 3.) Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma*

*pauperis* statute, 28 U.S.C. § 1915(a)(1). (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

    **B.**    **Screening Procedure & Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff is proceeding without the assistance of counsel, courts are required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

    **C.**    **Complaint**

This action was filed on August 9, 2013. (Doc 1.) The complaint alleges the following claims: (1) Quiet title, violation of the FDCPA, i.e., the Fair Debt Collections Practices Act, 15 U.S.C. § 1692a(6), and fraud (Doc. 1 at 27-39); (2) cancellation of instruments (Doc. 1 at 39-48); and (3) wrongful foreclosure. (Doc. 1 at 49-54.) The 83-page complaint is a rambling

narrative, implicating many individuals and entities, both parties and non-parties, along with quotations from case law and conclusory allegations. The complaint fails to include any specific statement of the facts nor does it include any supporting documentation to allow the court to more clearly understand what happened.

The complaint alleges a wrongful foreclosure, but does not indicate when or whether a mortgage was entered into, who the parties were, when any default occurred, steps taken after any default, how the foreclosure process proceeded. The only helpful document attached is a Sheriff's deed, which the court presumes regards the subject property. (Doc. 1 at 78.) The complaint also lists many Defendants who do not appear to be related to the mortgage foreclosure process that his complaint appears to regard. Finally, Exhibit D is missing and the exhibits do not match the exhibit list.

### D.     Analysis and Conclusions

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Clearly, the 431-paragraph complaint in this case cannot be considered a "short and plan statement of the claim." When a pleading is this verbose, the complaint should be dismissed for failure to comply with the Federal Rules of Civil Procedure. *See Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (116-page 242-paragraph prisoner civil rights complaint "would, because of its length and level of detail, present a challenge to the defendants in filing a responsive pleading" and was a violation of Rule 8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8). These cases teach that complaints such as that now before the court merit dismissal. Accordingly, I suggest that this case be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                                     s/ Charles E. Binder  
                                                                CHARLES E. BINDER  
Dated: August 20, 2013                        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and upon the following non-ECF participant via the United States Postal Service: William Stephen Toth, 7539 Elm Highway, Posen, MI 49776.

Date:  August 20, 2013                                       By     s/Patricia T. Morris  
                                                                       Law Clerk to Magistrate Judge Binder